FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 2 0 2008

JAMES W. McCORMACK, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA          )
                                  )
v.                                )     Case No. 4:03CR00128-01 WRW
                                  )
TIMOTHY RAY PARKER                )

## MOTION TO REDUCE SENTENCE PURSUANT TO THE RETROACTIVE CRACK AMENDMENT, 18 U.S.C.§3582(c)

The Defendant, Timothy Parker, through his Court appointed counsel Jenniffer Horan, Federal Defender, moves the Court, pursuant to 18 U.S.C. 3582(c) for an Order reducing Mr. Parker's term of imprisonment on the ground that the retroactive amendment to the crack cocaine guideline reduces the base offense level in his presentence investigation report (PSR). In support of this motion, Defendant states that:

1.  Defendant is presently serving a term of imprisonment for an offense involving cocaine base (crack).

2.  Defendant was sentenced by the Court on June 24, 2004, to a term of 59 months' imprisonment. His guideline range was 51 to 71 months, based on a total offense level of 25 and a criminal history of I.

3.  On November 1, 2007, the U.S. Sentencing Commission lowered, by two levels, Defendant's originally applied sentencing guideline range. See U.S.S.G. Appendix C, Amdt. 706.

4.  Amendment 706 to the Sentencing Guidelines' Drug Quantity Table in §2D1.1 (made retroactive by Amendment 711) reduces the base offense level for crack cocaine by 2 levels. See Id.; U.S.S.G.§1B1.10, p.s. (Nov. 2007).

5.      This decreases the base offense level in Mr. Parker's presentence report down
to 23 and the guideline range down to 46 to 57 months - - based on the prior
computation of specific offense characteristics, adjustments, and departure - -
as well as the location of the original sentence within the guideline range.

6.      Defendant believes he is eligible for a reduction of his sentence by retroactive
application of Amendment 706 pursuant to 18 U.S.C. 3582(c) and Policy
Statement §1B1.10. Moreover, the government, through its Senior Legal
Advisor Michael Johnson, has reviewed this case and agrees that Mr. Parker
is eligible for a sentence reduction.

7.      Because the defendant has served a term of imprisonment in excess of the
amended guideline range, he respectfully requests the Court to order that the
sentence originally imposed be reduced to time served or, in the alternative,
that the sentence reflect the amendment to the crack cocaine guideline.

8.      If needed, the Court has jurisdiction to conduct a hearing and reduce the term
as requested, pursuant to 28 U.S.C.§994(o) after considering the factors set
forth in §3553(a) to the extent they are applicable. See 18 U.S.C. 3582(c) (2).

WHEREFORE, because Mr. Parker has already served in excess of the term of
imprisonment called for by the amended guideline range, the Court should order that his
sentence be reduced to time served. Alternatively, defendant requests the sentence be reduced
to reflect the amendment to the crack cocaine guideline forthwith.

Respectfully submitted,

JENNIFFER HORAN
FEDERAL DEFENDER

By: _____

JENNIFFER HORAN
FEDERAL DEFENDER
1401 West Capitol, Suite 490
Little Rock, AR 72201
Ark. Bar No. 84076
Email: Jenniffer.Horan@fd.org

For:    Timothy Ray Parker, Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2008, this document was manually filed with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

Michael Johnson
Senior Legal Advisor
U.S. Attorney's Office
P.O. Box 1229
Little Rock, AR 72201
michael.johnson@usdoj.gov


I hereby certify that on this 19th day of February, 2008, I mailed the document and a copy of the   Notice of Electronic Filing (NEF) by United States Postal Service to the following:


Timothy Parker, Defendant                    _____

JENNIFFER HORAN